IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT GREENEVILLE

| | |
|---|---|
| GEORGE WILLIAMS, ) | |
| ) | Civil Action No. 2:20-cv-00014-JRG-CRW |
| Plaintiff, ) | |
| ) | Judge Greer |
| v. ) | |
| ) | Magistrate Judge Wyrick |
| BMW OF NORTH AMERICA, LLC, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT BMW OF NORTH AMERICA, LLC, TO DISMISS FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff George Williams asserts five causes of action against Defendant BMW of North America, LLC ("BMW NA") that arise out of his August 3, 2016, purchase of a 2014 BMW 750Li, which BMW NA imported and distributed to an independent BMW dealer. All of Mr. Williams' claims other than his breach of express warranty claims are legally barred. Mr. Williams cannot recover from BMW NA for breach of implied warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (the "Magnuson-Moss Act"), because he is not in privity of contract with BMW NA. He cannot recover under the Tennessee Consumer Protection Act (the "TCPA") because he does not plead any misrepresentation that occurred before he purchased the 750Li. And he cannot recover for fraudulent concealment because the economic loss doctrine bars all tort claims against BMW NA in cases like this one where there is no personal injury or property damage. Mr. Williams' Complaint is also impermissibly long and complex, violating the edict of Rule 8(a) of the Federal Rules of Civil Procedure that a Complaint be "short and plain." The Court should dismiss Counts II, IV, and V of Mr. Williams' Complaint and order that he replead his Complaint so that it complies with Rule 8(a).

## FACTUAL BACKGROUND

Although Mr. Williams alleges numerous facts in his Complaint, only a few are relevant to the resolution of BMW NA's Motion. According to the allegations in the Complaint, Mr. Williams purchased the 750Li on August 3, 2016, from an unspecified "authorized dealer in the State of Tennessee." (Compl, ECF No. 1, ¶ 14.) Mr. Williams alleges nothing about the sale itself and does not allege that BMW NA had any involvement with the sale other than issuing a New Vehicle Limited Warranty that accompanied the 750Li at the time of sale.[1] (*Id.* at ¶¶ 23-24.) He also does not allege that BMW NA made any representations to him before he purchased the 750Li other than the representations in the New Vehicle Limited Warranty.

The New Vehicle Limited Warranty provided with the 750Li provided for the repairs of defects in materials or workmanship discovered during the 4 year/50,000 mile warranty period; in it, BMW NA agreed that if an original or subsequent owner of the 750Li "discover[ed] a defect in material or workmanship" during the warranty period and presented the 750Li to an independent authorized BMW dealer, the dealer would "either repair or replace the defective part(s) with new or authorized remanufactured parts." (*Id.* at ¶ 26 (quoting New Vehicle Limited Warranty).)

Other than the discussion of the New Vehicle Limited Warranty, Mr. Williams devotes the rest of the factual allegations of his Complaint – 40 paragraphs occupying 10 pages – to a discussion of alleged concerns with the oil consumption of the 750Li's engine. While lengthy, much of this discussion appears unconnected to the 750Li or to Mr. Williams' claims.

---

1. Mr. Williams did not purchase the 750Li new; although he does not say so in his Complaint, BMW NA therefore presumes that it is Mr. Williams' position that the New Vehicle Limited Warranty was still in effect when he purchased the 750Li.

**ARGUMENT**

I.  **MR. WILLIAMS MUST PLEAD FACTS DEMONSTRATING A PLAUSIBLE ENTITLEMENT TO RELIEF.**

A Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Thus, the only permissible pleading in a federal district court is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Harrell v. Directors of Bureau of Narcotic and Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1976) (quoting *Clyde v. Broderick*, 144 F.2d 348 (10th Cir. 1944); internal quotation marks and alterations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal alterations, quotation marks and citations omitted). The right to relief rises above the speculative level when the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

On the other hand, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic

recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal alterations, quotation marks and citations omitted). Under *Twombly* and *Iqbal*, "a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law. Instead, the sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotation marks and citations omitted). "*Iqbal* demands that [Mr. Williams] ha[s] alleged in [his] complaint facts sufficient to allow the district court to draw a reasonable inference that [BMW NA] acted unlawfully." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 925 (6th Cir. 2013).

## II. MR. WILLIAMS' BREACH OF IMPLIED WARRANTY CLAIM IS BARRED BECAUSE HE IS NOT IN PRIVITY WITH BMW NA.

Mr. Williams' Magnuson-Moss Act breach of implied warranty claim, Count II of his Complaint, is barred because Mr. Williams is not in privity of contract with BMW NA. "The [Magnuson-Moss] Act does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1200 n.14 (N.D. Ga. 2005) (citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986)). Consequently, "state warranty law lies at the base of all warranty claims under Magnuson-Moss." *Walsh*, 807 F.2d at 1016. Mr. Williams thus may not maintain a claim for breach of implied warranty under the Magnuson-Moss Act unless he has a viable claim for breach of warranty under the applicable underlying state law.

To BMW NA's knowledge, no Tennessee court has addressed the need for privity in a Magnuson-Moss breach of implied warranty action. The overwhelming majority of courts in

4

other states that have addressed the issue, however, have found that if state law requires privity to maintain a breach of implied warranty action, the Magnuson-Moss Act also requires privity. The Seventh Circuit has perhaps addressed the issue most succinctly: "whether privity is a prerequisite to a claim for breach of implied warranty under the Magnuson-Moss Act . . . hinges entirely on the applicable state law." *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (citing *Walsh*, 807 F.2d at 1014, *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986)).

The only court of which BMW NA is aware that has held to the contrary is the Supreme Court of Illinois (a state whose law ordinarily requires privity for an implied warranty claim), which has held that under the Magnuson-Moss Act "the nonprivity 'consumer' should be permitted to maintain an action on an implied warranty against the 'warrantor.'" *Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 769 (Ill. 1986) (citations omitted). Both federal courts applying Illinois law and courts applying other state's law have considered and rejected this reasoning, however. *Voelker*, 353 F.3d at 525 (not directly addressing Szajna but nonetheless holding that privity is required for a Magnuson-Moss breach of implied warranty claim under Illinois law); *Finch v. Ford Motor Co.*, 327 F. Supp. 2d 942, 946 (N.D. Ill. 2004) (declining to follow *Szajna* and collecting several "district court[ cases that] have rejected the Szajna Court's interpretation of Magnuson–Moss"); *Hyundai Motor Am., Inc. v. Goodin*, 804 N.E.2d 775, 782 n.6 (Ind. Ct. App. 2004) (rejecting *Szajna* because "[t]he court reached this conclusion in the absence of detailed statutory analysis of the question and instead adopted the suggested result of a law review article without indicating what the reasoning was behind that result").

Here, the parties appear to agree that the "underlying state law" is Tennessee law either because Tennessee is the forum state or because Mr. Williams purchased the 750Li in Tennessee.

The parties also agree that Mr. Williams is not in privity with BMW NA. Mr. Williams alleges that he purchased the 750Li "from BMW[ NA]'s authorized dealer in the State of Tennessee," not directly from BMW NA. (Compl., ¶ 14.) Under Tennessee law, "a plaintiff may not maintain a claim for purely economic losses absent contractual privity with the party charged with responsibility for those losses." *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003). The Court should therefore dismiss Count II of Mr. Williams' Complaint because he does not allege that he is in privity of contract with BMW NA.

### III.    MR. WILLIAMS ALLEGES NO FACTS SUPPORTING HIS TCPA CLAIMS.

Count IV of Mr. Williams' Complaint alleges various violations of the TCPA. In Paragraph No. 119 of his Complaint, Mr. Williams identifies five provisions of the TCPA that he alleges BMW NA violated: Tenn. Code Ann. §§ 47-18-104(b)(5), (b)(7), (b)(19), (b)(21), and (b)(23). (Compl., ¶ 119.) Each of these five subsections requires some sort of affirmative statement. Those sections define as a deceptive act or practice the following activities:

> (b)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;
>
> (b)(7): Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> (b)(19): Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; provided, that nothing in this subdivision (b)(19) shall be construed to alter the implied warranty of merchantability as defined in § 47-2-314;
>
> (b)(21): Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services; and

6

>    (b)(23): Representing in any advertisement a false impression that the offer of goods has been occasioned by a financial or natural catastrophe when such is not true, or misrepresenting the former price, savings, quality or ownership of any goods sold.

Tenn. Code Ann. § 47-18-104. These claims all fail because Mr. Williams identifies no statement or representation that BMW NA made to him about the oil consumption of the N63's engine before the he purchased the 750Li other than representations in express warranties issued to him that BMW NA "would repair the Vehicle's engine . . . ." (Compl., ¶ 23.) None of the cited sections of the TCPA defines as a deceptive act or practice an untrue promise concerning future actions. Perhaps for this reason, Mr. Williams does not cite the representations in the express warranties within his TCPA count. Rather, within the TCPA count, Mr. Williams alleges that BMA NA concealed certain information, not that it represented or made statements about anything. (*Id.* at ¶¶ 121-24.) Mr. Williams cites nothing in the TCPA that would permit a TCPA claim over an omission. Thus, he has not pled facts supporting any of his TCPA theories.

Several of Mr. Williams' specific alleged violations suffer from additional, independent deficiencies. For instance, Mr. Williams pleads a number of alleged TCPA violations concerning advertisements, but he does not allege in his Complaint anything about advertisements, let alone that he read and relied on some advertisement that BMW NA disseminated. Likewise, Mr. Williams pleads an alleged TCPA violation concerning a representation about a warranty but he does not allege any facts concerning representations that BMA NA allegedly made about a warranty. The Court should dismiss Mr. Williams' TCPA claims because he does not allege any facts that would support any of the TCPA claims he alleges.

7

## IV. MR. WILLIAMS' FRAUDULENT CONCEAMENT CLAIM IS BARRED BY THE ECONOMIC LOSS DOCTRINE

Count V of Mr. Williams' Complaint alleges fraudulent concealment, apparently as a standalone cause of action. The Tennessee Products Liability Act of 1978 governs tort claims arising out of alleged defects in products. "Application of the Tennessee Products Liability Act is limited to 'actions brought for or on account of personal injury, death or property damage.'" *Lincoln Gen. Ins. Co. v. Detroit Diesel Corp.*, 293 S.W.3d 487, 491-92 (Tenn. 2009) (quoting Tenn. Code Ann. § 29-28-102(6)). The Tennessee Supreme Court "interpret[s] 'property damage' to mean damage to property other than the defective product." *Id.* at 492 (citing *Progressive Ins. Co. v. Gen. Motors Corp.*, 749 N.E.2d 484, 487-89 (Ind. 2001)). Under *First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925 (Tenn. 1991), "damages in products liability actions are limited to personal injury or property damage. The Court essentially adopted the proposition that, 'a manufacturer does not owe a duty to avoid causing purely economic damage.'" *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 132 (Tenn. 1995) (quoting *Prairie Production, Inc. v. Agchem Dov.-Pennwalt*, 514 N.E.2d 1299, 1304 (Ind. Ct. App. 1987)).[2] Here, Mr. Williams does not allege any personal injury or damage to any property other than the 750Li. Thus, he may not recover in tort, and the Court therefore must dismiss his fraudulent concealment claim.

---

2. The Tennessee Supreme Court is presently considering whether an exception exists to the economic loss doctrine for fraud. *Milan Supply Chain Solutions, Inc. v. Navistar, Inc.*, No. W2018-00084-SC-R11-CV, 2020 Tenn. LEXIS 6 (Tenn. Jan. 16, 2020). Because *Milan* concerns fraud, not fraudulent concealment, BMW NA does not believe that the Tennessee Supreme Court's decision in *Milan* will affect the applicability of the economic loss doctrine to this case.

## V.  THE COMPLAINT IS NEITHER SHORT NOR PLAIN.

In addition to dismissing Counts II, IV, and V of Mr. Williams' Complaint, the Court should order that he replead the Complaint so that it complies with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Like with all of the Federal Rules of Civil Procedure, the Court must construe Rule 8 "to secure the just, speedy and inexpensive determination" of this case. Fed. R. Civ. P. 1. Answering the current Complaint would not be just, speedy, or inexpensive because of the amount of irrelevant information in it. Much of Mr. Williams' Complaint is copied and pasted with only stylistic changes from the complaint in *Sarwar v. BMW of North America, LLC, et al.*, a case filed in the United States District Court for the District of New Jersey on behalf of Mr. Williams and dozens of other plaintiffs. (Compare Compl., ¶¶ 34-72 *with* Compl., ECF No. 1 in *Sarwar v. BMW NA*, Civil Action No. 2:18-cv-16750-MCA-LDW (D.N.J. Dec. 3, 2018), ¶¶ 204-241).[3] The various *Sarwar* plaintiffs live in 13 states and purchased different vehicles over an 8-year time period. This means that myriad different sets of facts were relevant to their various claims. Most of these facts are irrelevant to Mr. Williams' breach of express warranty claims. In particular, Mr. Williams devotes 16 paragraphs of his complaint, Paragraph Nos. 72 through 87, to a discussion of tolling of the four-year breach of warranty statute of limitation, Tenn. Code Ann. § 47-2-725. But on the face of the Complaint, that statute of limitation is not applicable to Mr. Williams' claims because he filed suit less than four years after he purchased the 750Li. The court should

---

3. The *Sarwar* court severed the claims of all plaintiffs except the first named plaintiff, and dismissed Mr. Williams' claims without prejudice, leading to the filing of this lawsuit. *See* Order, ECF No. 42 in *Sarwar*, at 4.

therefore order that Mr. Williams replead his Complaint to limit his factual allegations to facts relevant to the counts that remain after the Court adjudicates BMW NA's Motion to Dismiss.

## CONCLUSION

All of Mr. Williams' claims other than his breach of express warranty claims suffer from fatal legal deficiencies, and his Complaint contains copious allegations that are irrelevant to his claims that are not barred. BMW NA therefore respectfully requests that the Court grant its Motion, dismiss with prejudice Counts II, IV, and V of Mr. Williams' Complaint, and order that he replead his Complaint so that it contains a "short and plain" statement of his claim.

Dated the 19th day of March, 2020.

    Respectfully submitted,

    LEWIS, THOMASON,
    KING, KRIEG & WALDROP, P.C.

    By:/s/ Ryan N. Clark
    Ryan N. Clark, B.P.R. No. 29105
    424 Church Street, Suite 2500
    Post Office Box 198615
    Nashville, Tennessee 37219
    (615) 259-1366 (telephone)
    (615) 259-1389 (facsimile)
    rclark@lewisthomason.com

    *Attorneys for Defendant*
    *BMW of North America, LLC*

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the forgoing Memorandum has been served on counsel for the parties in interest herein by operation of the Court's electronic case filing system:

Susan S. Lafferty, Esq.
LAFFERTY LAW FIRM, INC.
1321 Murfreesboro Pike, Suite 521
Nashville, Tennessee 37217
susanl@laffertylawonline.com

*Attorneys for Plaintiff*

Dated the 19th day of March, 2020.

                                              /s/ Ryan N. Clark
                                              Ryan N. Clark

11
Case 2:20-cv-00014-JRG-CRW   Document 13   Filed 03/19/20   Page 11 of 11   PageID #: 63